**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ARTHUR BYARD, : | |
| : | Civil No. 07-5069 (FSH) |
| Petitioner, : | |
| : | |
| v. : | |
| : | **O P I N I O N** |
| BRUCE A. HAUCK, : | |
| : | |
| Respondent. : | |

**APPEARANCES**:

Arthur Byard, Pro Se
#130732/863469B
3-Wing/Cell #309
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

Steven E. Braun
Office of the Passaic County Prosecutor
401 Grand Street
Paterson, NJ 07505
Attorney for Respondent

**HOCHBERG**, District Judge

Petitioner Arthur Byard, a prisoner confined at the Northern State Prison, Newark, New Jersey, submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The

---

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

respondent is Bruce A. Hauck, the administrator of the prison. Respondent has filed a motion to dismiss. For the following reasons, Respondent's motion will be denied. The petition is timely, and Respondent will be ordered to provide an answer.

## BACKGROUND

Petitioner submitted this petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, setting forth allegations of prosecutorial misconduct, ineffective assistance of counsel, excessive sentence, judicial bias, and trial court errors. The petition is dated September 29, 2007; thus, the petition will be deemed filed as of that date for purposes of this Opinion. See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1999) ("a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court") (citing Houston v. Lack, 487 U.S. 266 (1988)). Respondent filed a Motion to Dismiss the petition on January 3, 2008 (docket entry 12). Petitioner filed a reply to the motion on January 22, 2008 (docket entry 13). Petitioner has not filed any additional submissions.

---

   violation of the Constitution or laws or treaties of
   the United States.

**DISCUSSION**

**A.   Limitations Period**

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

3

>     pending shall not be counted toward any period of
>     limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year

4

statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) also is subject to equitable tolling.  See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.  Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted).  Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition.  See Jones, 195 F.3d at 159.  See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history

of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

According to the allegations of this petition and motion, Petitioner's conviction became final on or about October 16, 2000, ninety days after the New Jersey Supreme Court denied certification on his direct appeal.[2]  Thus, the federal limitations period would expired on or about October 15, 2001.

However, statutory tolling applies to Petitioner's case. According to Respondent, Petitioner's PCR petition was filed on June 12, 2001.  It was denied on March 7, 2005, said denial being affirmed by the Appellate Division, with the New Jersey Supreme Court denying certification on June 21, 2007.[3]  Thus, the limitations period was tolled from June 12, 2001 until June 21,

---

[2] Petitioner's petition for certification to the New Jersey Supreme Court on his direct appeal was denied on July 17, 2000. See State v. Byard, 165 N.J. 490 (2000).

[3] Respondent states that the date the New Jersey Supreme Court denied certification was June 9, 2007.  However, it was actually denied on June 21, 2007.  See State v. Byard, 192 N.J. 74 (2007).

2007, during the pendency of the PCR petition. However, the limitations period was not tolled from October 16, 2000 until June 12, 2001, when the PCR petition was filed. Further, although the PCR petition was denied certification on June 21, 2007, this petition was not filed until September 29, 2007.

Therefore, the calculation of the statute of limitations is as follows:

> October 16, 2000 (conviction final) until June 12, 2001 (filing of PCR petition and start of statutory tolling) = 239 days
>
> plus
>
> June 21, 2007 (denial of certification on PCR petition) until September 29, 2007 (filing of this petition in federal court) = 100 days
>
> Total: 239 + 100 = 339 days.

Thus, it is clear that the petition is timely.

## **CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss will be denied. Respondent is ordered to answer the petition, as originally directed in this Court's Order dated December 3, 2007.

An appropriate Order accompanies this Opinion.


                                  /s/ Faith S. Hochberg
                                  United States District Judge

Dated:  June 25, 2008